**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215**
**Tel: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (PHV to be requested)**
**MIMS, KAPLAN, BURNS & GARRETSON**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Tel: (310) 314-1721/Fax: (949) 340-9737**
**cburns@hmkblawyers.com**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

________________________________________x

**MERCH TRAFFIC, LLC,**

**Plaintiff,**

**v.**

**JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,**

**Defendants.**

________________________________________ **x**

**CIVIL ACTION NO. 1:26-cv-7030**

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND LANHAM ACT VIOLATIONS**

Plaintiff Merch Traffic, LLC, by its attorneys, files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2. Plaintiff Merch Traffic, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and XYZ Company through its agents and employees, are from and/or will be present in the Southern District of New York in connection with the claims below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. **"HARRY STYLES"** (the "Artist") is the trademark used by this performer in connection with his performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish his services from all other such artists. The Artist has used his marks in connection with his recording, performing, acting and merchandising services for over 10 years.

8. The Artist has obtained a US Federal Trademark registration for his **“HARRY STYLES”** trademark: Federal Registration Number 5688195 for use in connection with International Class (“IC”) 025 for clothing, namely, T-shirts, shirts, jackets, sweatshirts, hooded tops, hooded sweatshirts, pullovers, and other clothing; IC 41 for entertainment services; IC 016 for printed matter, and IC 009 for pre-recorded materials. The trademark is incontestable.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist’s Trademarks") on and in connection with merchandise (collectively "Authorized Merchandise”) sold and offered for sale at and in the vicinity of the Artist’s concerts.

10. The Plaintiff has used the Artist’s Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist’s Trademarks on merchandise, including T-shirts, jerseys, hats, posters, and other apparel and goods.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and listen to popular music. The Artist has appeared in concerts at major arenas and stadiums in the United States, and has been seen in concert by millions of fans.

12. As a result of the foregoing, each of the Artist’s Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Artist’s Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Merchandise bearing the Artist’s Trademarks.

13. On August 26, 2026 through October 31, 2026, at Madison Square Garden, in New York, New York, the Artist will perform 30 concerts (the "Residency Concerts"). Authorized

Merchandise bearing any or all of the Artist's Trademarks will be sold before, during and after the Residency Concerts.

**DEFENDANTS' UNLAWFUL CONDUCT**

14. Defendants, also known as "Bootleggers," will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Residency Concerts, before, during and after their performances.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Merchandise or contains the Artist's Trademarks, and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. Further, the Infringing Merchandise that Defendants sell is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his performances and the reputation of the Plaintiff for high quality Authorized Merchandise.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures Artist and Plaintiff in that Defendants do not pay royalties for these unlawful sales.

17. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing federally trademark, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such

merchandise. The use by Defendants of the Artist's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants will engage in such infringing activities in this state and will continue such activities throughout his Residency Concerts, to the great injury of Plaintiff and the Artist.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
**(Infringement of Registered Trademark)**

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. §1114(b) with respect to Defendants' infringement of the registered trademark.

## SECOND CLAIM FOR RELIEF
**(Violation of the Lanham Act)**

22. Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Merch Traffic, LLC, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined

in this district, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademark, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Artist's Residency Concerts.

C. That Defendants deliver up for destruction any and all Infringing Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: August 18, 2026

Respectfully submitted,
By: _/s/ Mark Bradford

Mark Bradford (MB 6002)
Mark Bradford, PC
299 12th Street, Brooklyn, New York 11215
Tel: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)(PHV to be requested)
Mims, Kaplan, Burns & Garretson
28202 Cabot Rd, Ste 300, Laguna Niguel, CA 92677
Tel: (310) 314-1721/Fax: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff