**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Tel: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (PHV to be requested)**
**MIMS, KAPLAN, BURNS & GARRETSON**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Tel: (310) 314-1721**
**Fax: (949) 340-9737**
**cburns@hmkblawyers.com**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

________________________________________x

**MERCH TRAFFIC, LLC**

**Plaintiff,**

**v.**

**JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,**

**Defendants.**

________________________________________x

**CIVIL ACTION NO. 1:26-cv-7030 JPC**

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE**

# TABLE OF CONTENTS


I . INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. DEFENDANTS SHOULD BE ENJOINED FROM SELLING, DISTRIBUTING AND MANUFACTURING INFRINGING MERCHANDISE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Defendants Have Violated Section 1125(a) and Serious Questions Have Been Raised . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Defendants Have Violated Section 1114 and Serious Questions Have Been Raised . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C. Plaintiff Will Suffer Irreparable Harm. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D. The Threatened Injury to Plaintiff Outweighs Potential Harm to Defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E. The Public Interest Will Be Served By Issuance of Injunctive Relief. . . . 9

IV. PLAINTIFF IS ENTITLED TO EX PARTE RELIEF CONSISTING OF RESTRAINING AND SEIZURE ORDERS . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A. The Orders Are Necessary To Combat Defendants' Activities. . . . . . . 9

B. Rule 65 of The Federal Rules Of Civil Procedure And the Lanham Act Provide Authority For The Ex Parte Relief Plaintiff Seeks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

C. It Is Appropriate To Issue Injunctions And Seizure Orders To Enjoin Activities Of Persons Whose Identities Are Presently Unknown . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

D. Courts Have Issued Inunctions And Seizure Orders To Combat Concert Related Infringing Merchandise for the Duration of a Performer's Concerts . . . . . . . . . . . . . . . . . . . . . . . . . 13

E. Defendants Have a Full and Fair Opportunity to be Heard. . . . . . . . .14

VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**TABLE OF AUTHORITIES**

**CASES**

*3M Co. v Performance Supply LLC,*
458 F. Supp. 3d 181 (S.D. NY 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3. 4

*1-800 Contacts, Inc. v. Whenu.com, Inc.,*
414 F.3d 400 (2nd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*AMF, Inc. v. Sleekcraft Boats,*
599 F.2d 341 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Babbitt v. United Farm Workers National Union,*
442 U.S. 289 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics,*
403 U.S. 388, 91 S.Ct. 1999 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Brockum Co. v. Blaylock,*
729 F.Supp. 438 (E.D. Pa. 1990) . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Boston Athletic v. Sullivan,*
867 F.2d 22 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.,*
696 F.3d 206 (2d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*CJ Products LLC v. Snuggly Plushez LLC,*
809 F. Supp. 2d 127 (E.D. NY 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Corning Glass Works v. Jeannette Glass Co.,*
308 F. Supp. 1321 (S.D.N.Y.), aff'd, 432 F.2d 784 (2d Cir 1970) . . . . . . . . . . . . . 9

*Federal Express Corp. v. Federal Expresso, Inc.,*
201 F. 3d 168 (2d Cir. 2000) . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Flast v. Cohen*, 392 U.S. 83 (1968). . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hard Rock Cafe v. Pacific Graphics,*
776 F. Supp. 1454 (W.D. Wash. 1991) . . . .. . . . . . . . . . . . . . . . . . .. . . . . . . . . . 8

*Hasbro Inc. v. Lanard Toys, Ltd.*
858 F. 2d 70 (2nd Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Joel v. Does,*
499 F. Supp. 791 (E.D. Wisc. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 12

*Louis Vuitton Malletier v. Dooner & Bourke, Inc.*,
454 F.3d 108 (2d Cir. 206) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Malletier v. Burlington Coat Factory*.
426 F.3d 532 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . 3

*Moon Records v. Does*,
217 U.S.P.Q. 46 (N.D. Ill. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*New West Corp. v. NYM Co. of California, Inc.*,
595 F.2d 1194 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 7

*Nice Man Merchandising, Inc. v. Logocroft, Ltd.*,
23 U.S.P.Q. 2d 1290 (E.D. Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Polaroid Corp. v. Polarad Electronics*,
287 F. 2d 492 (2d Cir. 1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Plant v. Does*,
19 F. Supp.2d 1316 (S.D. Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14

*R.H. Donnelley Corp. v. Illinois Bell Telephone*,
595 F.Supp.1202 (N.D. Ill. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*SKS Merch, LLC v. Barry*,
233 F. Supp. 2d 841 (E.D. Ky 2002) . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 11, 13, 14, 15

*The Sports Auth. , Inc. v. Prime Hosp. Coro.*,
89 F.3d 955 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vuitton et Fils, S.A.*,
606 F.2d 1 (2d Cir. 1979) . . . . . . . .. . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . 9, 11

*Winterland Concessions Co. v. Sileo*,
528 F.Supp. 1201 (N.D. Ill. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*World Wrestling v. Unidentified Parties*,
770 F. 3d 1143 (5th Cir 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 13

**STATUTES**

15 U.S.C. § 1051. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

15 U.S.C. § 1114 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9, 13, 17

15 U.S.C. § 1125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

28 U.S.C. § 1651 . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

Fed. R. Civ. P. 4(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 9, 10,11

## I. INTRODUCTION.

Plaintiff Merch Traffic, LLC ("Plaintiff") submits this Memorandum of Law in support of its Ex Parte Application for a Temporary Restraining Order, Seizure Order, and an Order to Show Cause Regarding Why a Preliminary Injunction and Seizure Order Should Not Issue (the "Order"). Plaintiff seeks this Order to stop the sale at concerts of infringing merchandise, and to seize the same, which bears the federally registered trademarks, service marks, likenesses, logos and/or other indicia of the popular Artist **"HARRY STYLES"** (collectively, the "Artist's Trademarks"), during the Artist's 30 sold-out Madison Square Garden concerts taking place on August 26, 2026 through October 31, 2026 (collectively, the "Residency Concerts"). This District has twice previously granted tour seizure orders for this Artist and once for his prior group, as well as for other performers, [1] but here Plaintiff seeks seizure orders for the Artist's Residency Concerts only. As set forth below, such relief is warranted under the Lanham Act., 15 U.S.C. § 1051 et seq., Fed.R.Civ.P. 65, and the All Writs Act, 28 U.S.C. § 1651.

## II. STATEMENT OF FACTS.

As noted above, on August 26, 2026, the Artist will begin his 30 concert Residency Concerts at Madison Square Garden in New York, New York. See Declaration of Emily Holt (hereinafter "Holt Decl."), ¶ 1, Exh A thereto, filed concurrently herewith. The Artist has obtained

---

[1] From this District: for this Artist's prior tours, Merch Traffic, LLC v. Does, Case No. 22-cv-6839 AT (S.D. NY 2022) (Judge Torres) and Merch Traffic, LLC v. Does, Case No. 21-cv-8283 AT (S.D. NY 2021) (Judge Torres); for the Artist's prior group: F.E.A., Inc. v. Does, Case No 12-CV-3999 TPG (S.D. NY 2012) (Judge Griesa) (for One Directions' tour); and for other performers include: Tsurt v. Does, Case No. 1:24-cv-6616 JPC (S.D. NY 2024) (Judge Cronan) (for Pearl Jam's tour); Bravado v. Does, Case No. 1:24-cv-06517 PAE (S.D. NY 2024) (Judge Engelmayer) (for Nicki Minaj's tour);and Merch Traffic, LLC v. Does, Case No. 23-cv-6794 LLS (S.D. NY 2023) (Judge Stanton) (for Jonas Brothers' tour), among others. See Certificate of Counsel of Cara Burns ("Burns Cert."), ¶ 6, and Exhibits thereto.

U.S. Federal Trademark Registration for his "**HARRY STYLES**" trademark.[2] Plaintiff is the exclusive licensee of the Artist, and the sole merchandiser for the Artist's authorized merchandise ("Authorized Residency Merchandise"), such as shirts, hats and posters, which will bear the Artist's Trademarks and will be sold at the Artist's Residency Concerts. Holt Decl. ¶¶ 3, 7-8.

Defendants currently identified as Does, also referred to as "Bootleggers," are engaged in the manufacture, distribution and sale of infringing T-shirts and other merchandise that bears the Artist's Trademarks without license or authority from the Plaintiff (collectively "Infringing Merchandise" or "Bootleg Merchandise") and will do so at the Residency Concerts. Holt Decl. ¶¶ 1, 9-21.

To combat against Defendants' illegal actions at concerts, including during prior tours for the Artist and other performers of similar stature, Plaintiff has obtained from this District (including twice for this particular Artist, and once for his previous group) and other Districts temporary restraining orders and seizure orders, and thereafter preliminary injunctions and seizure orders to seize infringing merchandise. See Certificate of Counsel, Exhibits thereto. Although prior orders sought were for this Artist's and other performers' tours throughout the United States, here Plaintiff seeks seizure orders to be used in conjunction with the Residency Concerts that will occur at Madison Square Garden in New York, New York.

Plaintiff easily meets the required showing and there is no defense to Plaintiff's claims. Plaintiff is the exclusive licensee of the Artist and the sole merchandiser for the Artist's Authorized Merchandise to be sold at the Residency Concerts. Holt Decl. ¶ 3. Plaintiff has therefore demonstrated a substantial likelihood that it will succeed on the merits.

---

[2] The Artist has obtained a US Federal Trademark registration for his **"HARRY STYLES"** trademark: Federal Registration No. 5688195 for use in connection with International Class ("IC") 025 for clothing; IC 41 for entertainment services; IC 016 for printed matter, and IC 009 for pre-recorded materials. Holt Decl., ¶ 5.

The Infringing Merchandise harms Plaintiff and the public in numerous ways. Each sale of Infringing Merchandise by Defendants is an irrecoverably lost sale for Plaintiff. Absent the requested relief, Plaintiff's monetary losses would be substantial. Moreover, the loss and goodwill to Plaintiff, through the distribution of inferior merchandise, cannot be calculated or remedied without equitable relief. Holt Decl. ¶¶ 11-21, 23; Burns Cert. ¶¶ 6-18.

The public interest will be served by issuance of the relief requested which favors the protection of property/contractual rights. There is no potential harm to any legitimate interest of Defendants if the requested relief is issued. In addition, the relief requested here *is the only proven method of protecting Plaintiff's rights and consumers from inferior, infringing merchandise* which bears a false designation of origin and sold by the Defendants, who are accountable to no one, including for royalties payments, sales taxes, or quality control.

Defendants' actions are completely unauthorized, and they have both the means and motivation to destroy vital evidence before a noticed hearing and to avoid service. Similar orders have been granted to protect the rights of merchandisers against bootleggers' actions. In response to these orders, although thousands of bootleggers have been served, they do not appear since apparently they know their activities are unlawful. *See* Holt Decl. ¶¶ 15-16; Burns Cert. Accordingly, Plaintiff requests that this Court issue the requested order.

## III. **DEFENDANTS SHOULD BE ENJOINED FROM SELLING, DISTRIBUTING AND MANUFACTURING INFRINGING MERCHANDISE**.

A plaintiff seeking a temporary restraining order or preliminary injunction must establish: "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly" in its favor. *Malletier v. Burlington Coat Factory*. 426 F.3d 532, 537 (2d Cir. 2005) citing *Federal Express*

*Corp. v. Federal Expresso, Inc.*, 201 F.3d 168 (2d Cir. 2000); *3M Co. v Performance Supply LLC* 458 F. Supp. 3d 181, 191 (S.D. NY 2020)("A party seeking to obtain either relief must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of an injunction; (3) that the balance of hardships favors the plaintiff; and (4) that the public interest will not be disserved if an injunction issues").

Moreover, Plaintiff here seeks both a temporary restraining order and seizure order, and thereafter a preliminary injunction and seizure order to issue. Notably, the standard for granting a temporary restraining order and a preliminary injunction are synonymous. *3M Co., supra*, 458 F. Supp. 3d at 191 (S.D. NY 2020). Further, in trademark disputes, "a showing of likelihood of confusion establishes both a likelihood of success on the merits and irreparable harm." *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir. 1988). (citation omitted).

### A. Defendants Have Violated Section 1125(a) and Serious Questions Are Raised.

Courts have repeatedly held that the use of registered and unregistered names, images and logos of performers by bootleggers causes irreparable injury and violates section 43(a) of the Lanham Act. *SKS Merch, LLC v. Barry,* 233 F. Supp. 2d 841, 853-854 (E.D. KY 2002) (sales by Doe Defendant Bootleggers of merchandise bearing the unregistered marks of the artist Toby Keith at his concerts violate section 1125 (a), multidistrict seizure order issued); *Nice Man Merchandising, Inc. v. Logocroft, Ltd.*, 23 U.S.P.Q. 2d 1290 (E.D. Pa. 1992) (use of trademarks, logos and likenesses of performers in defendants' merchandise without permission from plaintiff merchandiser "is likely to cause confusion, to cause mistake and to deceive. Such confusion and/or deception will continue to result in immediate and irreparable injury to plaintiff."); *Winterland Concessions Co. v. Sileo*, 528 F.Supp. 1201 (N.D. Ill. 1981), *mod. other grounds*, 735 F.2d 257 (7th Cir. 1984).

The Lanham Act's purpose is "to protect persons engaged in . . . commerce against unfair competition" and "to prevent fraud and deception in such commerce." 15 U.S.C. §1127. This broad prohibition against "unfair competition" covers not only confusion as to source or sponsorship between Defendants' Infringing Merchandise and Plaintiff's Authorized Merchandise, it also prohibits the misappropriation of others' efforts. See *Boston Athletic v. Sullivan*, 867 F.2d 22, 33 (1st Cir. 1989) ("a party cannot reap where it has not sown"); *R.H. Donnelley Corp. v. Illinois Bell Telephone*, 595 F.Supp 1202, 1206 (N.D. Il. 1984) ("those who invest time, money and energy into the development of a product and its accompanying good will should be allowed to reap the advantages of their investment").

To prevail in an action for unfair competition under § 1125(a), a plaintiff must establish the same factors necessary to prevail in a trademark infringement action: (1) the mark must be legally protectable, and (2) the defendant's use of an identical or similar mark is likely to cause confusion among consumers. *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) (for purposes of injunctive relief, it is not necessary to show actual confusion or deception, but merely the likelihood of such). These elements are clearly present here; the marks are legally protectible, and, Defendants' use of the Artist's Trademarks yields a false designation likely to confuse.

Factors to consider in determining whether likelihood of confusion exists are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) consumers' sophistication in the relevant market. *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961).

Judged by these factors, Defendants' have violated the Lanham Act and there is no excuse for Defendants' use of Plaintiff's marks. The federally registered and other trademarks, service marks, likenesses, logos and other indicia of the Artist licensed to Plaintiff are strong marks, known to millions of consumers. Defendants are using the same exact marks as Plaintiff and sell their Infringing Merchandise at the Artist's concerts. Using the traditional scale of marks from generic to arbitrary, the Artist's marks are arbitrary; they do not describe the goods to which they are attached but instead provide identification, thereby acquiring secondary meaning. Defendant Bootleggers copy the Artist's Trademarks, therefore there can be no doubt as to consumer confusion. Holt Decl. ¶¶ 10-13. Since Defendants are aware of the Artist's use of his own trademarks, there is a presumption of bad faith. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 354 (9th Cir. 1979) (deception may be presumed from the knowing adoption of a similar mark).

Moreover, Plaintiff does not have to show "that consumers would believe that the defendant's goods or services are from the same source as those of the plaintiff." *The Sports Auth., Inc. v. Prime Hosp. Coro.*, 89 F.3d 955, 960 (2d Cir. 1996). Instead, defendants may be liable when their actions "are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [their] goods or services with those of the plaintiff." *Id.*

Clearly the sale of infringing merchandise bearing the well-known trademarks or other indicia of performers constitutes a violation of §1125 of the Lanham Act. *SKS Merch, supra*, *Boston Athletic*, *supra*, *Nice Man v. Logocroft, Ltd*., *supra*, at 1292 ("the use of well-known performers' names and likenesses upon novelty merchandise without the performers' authorization constitutes a violation of § 43(a)"). As set forth in *Brockum Co. v. Blaylock*, 729 F.Supp. 438 (E.D. Pa. 1990):

> Defendant [Bootlegger] cannot obtain a "freeride" at the [exclusive licensee's] expense. Its shirts are designed to take advantage of the efforts and expenditures of the plaintiff and benefit from the goodwill associated with the Rolling Stones, their 1989 tour, and the

> promotion of the event created or undertaken by the plaintiff and the Rolling Stones. Such unlicensed use of the Rolling Stones' name would permit the defendant to reap where it had not sown. Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 33 (1st Cir. 1989). Defendant's argument that the T-shirt in question merely celebrates an "event" is circular reasoning, at best, given the fact that there would be no "event" to celebrate, were it not for the hard work and financial outlay provided by the plaintiff.

*Id.*, at 444.

Defendants have manufactured Infringing Merchandise for the sole purpose of selling it at the Artist's concerts. Defendants' intend to "free ride" on the Artist's marks that have acquired value through the extensive efforts of the Plaintiff/Artist. This is precisely the type of conduct Section 1125 (a) was designed to stop.

**B. Defendants Have Violated Section 1114 and Serious Questions Are Raised.**

Plaintiff is likely to prevail on its § 1114 claim for the same reasons that it is likely to prevail under § 1125(a). Under 15 U.S.C. § 1114, Plaintiff must show that Defendants have used the registered trademark: (1) without consent; (2) in connection with the sales of goods; and (3) where such use was likely to cause confusion or to deceive purchasers as to the source or origin of the goods. See *1-800 Contacts, Inc. v. Whenu.com, Inc.*, 414 F.3d 400, 406-407 (2nd Cir. 2005) (the test is the same for prevailing on a registered or unregistered trademark); *Louis Vuitton Malletier v. Dooner & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 206) (Section 1125 (a) claims under the Lanham Act are subject to the same analysis as Section 1114 claims and may be considered together); *New West Corp. v. NYM CO. of California*, 595 F. 2d at 1201. ("The likelihood of confusion test also is used for claims of trademark infringement under 15 U.S.C. 1114.)

Since the Defendants use the federally registered mark on Infringing Merchandise and sell the merchandise at the place where the Artist will be performing – Madison Square Garden - there is no doubt as to the confusion and intent of the Defendants.

**C. Plaintiff Will Suffer Irreparable Harm.**

The Trademark Modernization Act, effective December 18, 2021, amended 15 U.S.C. § 1116 (a) to add the following: "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm … upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." Plaintiff has shown above its likelihood of success on the merits of its trademark claims and therefore a rebuttable presumption of irreparable harm. *CJ Products LLC v. Snuggly Plushez LLC,* 809 F. Supp. 2d 127, 145 (E.D. NY 2011) (selling counterfeit products "will not only result in lost sales, but will impair plaintiffs' reputation achieved through considerable time and effort. This type of harm cannot be redressed by monetary damages available at law.").

Moreover, Plaintiff has sufficiently proven imminent, irreparable harm by Defendants Bootleggers' Infringing Merchandise sales. Plaintiff has no control over the quality Infringing Merchandise, so will suffer a loss of goodwill due to their sales. These peddlers appear at concerts, rarely have identification or keep records of their sales. This is the very type of irreparable injury the Trademark Act seeks to stop. See Holt Decl. ¶¶ 13-16. *SKS Merch, LLC*, 233 F. Supp. 2d at 847 (although irreparable injury is presumed once infringement is shown, "Plaintiffs have independently established that they will be irreparably harmed absent a Preliminary Injunction enjoining the sale of bootleg merchandise related to Toby Keith throughout the nation.").

**D. The Threatened Injury to Plaintiff Outweighs Potential Harm to Defendants.**

Plaintiff has demonstrated that the threatened injury to Plaintiff outweighs the potential harm to the Defendants. *Hard Rock Café v Pacific*, 776 F. Supp. 1454, 1463 (W.D. WA 1991) (valuable "Hard Rock Cafe" logo symbolizes the goodwill connected with [plaintiff's] business and that good will should not be jeopardized by placing it in the hands of [defendants].") Any inconvenience to

Defendants will be merely economic, consisting of lost profits from sale of illegal, Infringing Merchandise (and a bond will be posted by Plaintiff). Plaintiff will be seizing only Infringing Merchandise from those Bootleggers at and near the concerts. Those in active concert with, or assisting the bootlegging, are also violating the Lanham Act and must be enjoined, as provided for by Rule 65.

### E. <u>The Public Interest Will Be Served By Issuance Of Injunctive Relief</u>.

The public interest is furthered by issuance of a preliminary injunction. Indeed, an essential purpose of the Lanham Act is to protect consumers from being misled as to the source of goods:

> While plaintiff is injured when consumers purchase [defendant's merchandise] believing it to be [plaintiff's merchandise], consumers, too are being directly victimized. An injunction is thus in the public interest; only if the distribution of [defendant's goods] is stopped can further fraud be avoided.

*Corning Glass Works v. Jeannette Glass Co.*, 308 F. Supp. 1321, 1328 (S.D. NY), aff'd, 432 F.2d 784 (2d Cir 1970). Public interest is especially strong when a federal statute expressly forbids the conduct in question. Here, Defendants' act in flagrant disregard of the laws.

In sum, Plaintiff is entitled to temporary and preliminary injunctive relief.

## VI. <u>PLAINTIFF IS ENTITLED TO EX PARTE RELIEF CONSISTING OF RESTRAINING AND SEIZURE ORDERS.</u>

### A. <u>The Orders Are Necessary To Combat Defendants' Activities.</u>

Courts have issued restraining and seizure orders in advance of concerts to stop the sale of Infringing Merchandise. See Burns Cert. and Exhibits thereto. This procedure is specifically authorized by statute; 15 U.S.C. §1116 provides for injunctions "upon such terms as the court may deem reasonable" to prevent violations of Lanham Act. See *In re Vuitton et Fils, S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) and cases cited therein (court's inherent power to issue seizure orders).

Moreover, the Lanham Act specifically contemplates that a temporary restraining and seizure order against Infringing Merchandise may be had by ex parte application. Section 1116(d) authorizes ex parte orders where, in addition to the traditional requirements for injunctive relief:

(1) an order other than an ex parte seizure order is not adequate, (2) the applicant has not publicized the requested seizure, and (3) the person against whom seizure would be ordered would destroy or otherwise make inaccessible to the court the infringing matters. 15 U.S.C. §1116(d)(4)(B).

In this matter, defendants are not yet identified by specific names, but it is clear from their activities that they will be present in this jurisdiction to sell their Infringing Merchandise, then they and their Infringing Merchandise will promptly disappear. Even if Defendants received notice and were served with a proposed restraining order, it is highly unlikely they would voluntarily comply and not sell their goods. See Holt Decl. and Burns Cert. Simply stated, there is no other means of preventing the Defendants from destroying evidence without a seizure order.

A Court of Equity must be flexible and must be willing to issue an injunction appropriate under the particular circumstances of the case. See the All Writs Act, 28 U.S.C. § 1651 which broadly authorizes Federal Courts to issue "all writs necessary or appropriate in the aid of their respective jurisdiction and agreeable to the usages and the principles of law." Since there is no other remedy available to Plaintiff to prevent irreparable injury, this Court can order the seizure of illegal merchandise as an exercise of its inherent power to obtain and retain jurisdiction in the matter. In *Joel v. Does*, 499 F. Supp. 791 (E.D. Wisc. 1980), the Court stated:

> Were the injunction to be denied, Brockum would be without any legal means to prevent what is clearly a blatant infringement of their valid property rights. While the proposed remedy is novel, that in itself should not weigh against its adoption by this Court. A Court of Equity is free to fashion whatever remedies will adequately protect the rights of the parties before it.

*Id.* at 792.

**B. <u>Rule 65 of The Federal Rules Of Civil Procedure And the Lanham Act Provide Authority For The Ex Parte Relief Plaintiff Seeks.</u>**

Rule 65 of the Federal Rules of Civil Procedure permits the issuance of an ex parte temporary restraining order when failure to issue such an order would result in "immediate and

irreparable injury, loss, or damage," and the movant demonstrates why notice should not be required. The irreparable harm from Defendants' selling and distributing activities has been shown. Since Defendants have the temerity to conduct blatantly unlawful activities, making a business of selling infringing articles, and have an economic interest in continuing their unlawful actions, there is no reason to believe they will voluntarily stop.

The Court in *Vuitton, supra*, found that immediate and irreparable injury existed because of the substantial likelihood of confusion created by the itinerant Bootleggers selling their infringing goods and plaintiff had shown why notice should not be given:

> [A]lthough this Court has frowned upon temporary restraining orders issued even without telephone notice, there are occasions when such orders are to be countenanced. In our judgment, this case is just such an occasion. [***] Assuming that all of the other requirements of Rule 65 are met, the Rule by its very terms allows for the issuance of an ex parte temporary restraining order when (1) the failure to issue it would result in "immediate and irreparable injury, loss or damage" and (2) the applicant sufficiently demonstrates the reason that notice "should not be required." In a trademark infringement case such as this, a substantial likelihood of confusion constitutes, in and to itself, irreparable injury sufficient to satisfy the requirements of Rule 65(b)(1). [* * *] If notice is required, that notice all too often appears to serve only to render fruitless further prosecution of the action. This is precisely contrary to the normal and intended role of notice, and it is surely not what the authors of the rule either anticipated or intended.

606 F.2d at 4-5.

**C. <u>It Is Appropriate To Issue Injunctions And Seizure Orders To Enjoin Activities Of Persons Whose Identities Are Presently Unknown</u>.**

Plaintiff is proceeding to stop the bootlegging activities of Defendants whose specific identities are presently unknown. Courts have long recognized that known adversaries may be designated as "John Does" until plaintiff is able to specifically identify them. See *SKS Merch, supra, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971); Plaintiff need not await the consummation of the threatened injury to obtain preventive relief. *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298 (1979).

Indeed, any assertion to the contrary would constitute a rejection of provisional remedies available to a party who has sustained or is in immediate danger of sustaining a direct injury. *Flast v. Cohen*, 392 U.S. 83 (1968).

In circumstances similar to the facts herein, many federal courts have issued restraining and seizure orders to enjoin various Doe Defendants from selling and otherwise commercially exploiting infringing merchandise associated with performers' tours. In each case, an ex parte order was issued against unidentified defendants, originally designated as Does, to prevent the sale of and to seize merchandise bearing the trademarks, logos and trademarks of performers represented by the plaintiff in those actions. See Burns Cert. and Exhs thereto.

In *Joel v. Does, supra*, the Court held that although it does not favor unknown defendants and may not have in *personam* jurisdiction, in the case of Bootleggers:

> I am convinced that the requested injunction [and seizure order] should issue in the present case. ... The problem of the defendants' identities is met, I believe, by the fact that copies of the summons, complaint, and restraining order itself will be served on all persons from whom Billy Joel merchandise is seized on the night of the concert. These parties will be asked to reveal their names so that they can be added as parties to the lawsuit. [* * *] [w]ere the injunction to be denied, plaintiffs would be without any legal means to prevent what is clearly a blatant infringement of their valid property rights.

499 F. Supp. at 792.

If courts failed to recognize "Doe" Defendants, wrongdoers would conceal their true identities, leaving Plaintiff with no practical recourse for violations of their rights. *Moon Records v. Does*, 217 U.S.P.Q. 46, 47-48 (N.D. Ill. 1981) ("the problem regarding the identity of the defendants will be met by requiring copies of the complaint and the [order] to be served upon all persons from whom infringing merchandise is seized...").

Consistent with Fed. R. Civ. P 4(j), Plaintiff's servers will make every reasonable effort to identify the Defendants for purposes of amending the pleadings.

**D. <u>Courts Have Issued Injunctions and Seizure Orders to Combat Concert Related Infringing Merchandise for the Duration of a Performer's Concerts.</u>**

It has been shown by the declaration submitted in this matter that the sale of Infringing Merchandise by the Defendants violates the Lanham Act. Therefore, all remedies under the Act are appropriate.

Similar relief has been granted in numerous cases in other cases here and in other jurisdictions across the country in factually and legally similar matters, although in almost all cases cited, the performer had concerts throughout the United States. *See SKS Merch, LLC v. Barry, supra,* See Burns Cert. and Exhibits thereto (including similar orders issued by District Courts in this State and elsewhere). Here, however, the Artist is performing his Residency Concerts - 30 concerts all at Madison Square Garden. Defendants have no right to sell Infringing Merchandise at his Residency Concerts, just as other defendants had no right to sell infringing merchandise at concerts during a tour throughout the country.

*SKS Merch, LLC v. Barry, supra,* and *Plant v. Does,* 19 F. Supp. 2d 1316 (S.D. Fla. 1998) are the main decisions that address the issues raised in this matter. While their focus was more on the issue of multi-venue relief, each also addressed pertinent issues, namely unnamed defendants and notice.

The Court in *SKS Merch* noted that plaintiff in *Plant* did not identify defendants. As set forth in the Declaration and the Certificate of Counsel, Defendants will be identified when they appear conducting their unlawful activities in this District, as also demonstrated in so many other actions filed by Plaintiff. See *World Wrestling v. Unidentified Parties,* 770 F. 3d 1143, 1147 (5th Cir 2014) (for seizures at performances, identification is met because although plaintiff "cannot know in advance the specific identities of counterfeiter who will present themselves at any given

event, …it does know that any non-affiliated seller at or near an event is almost certainly a counterfeiter.”).

The harm to Plaintiff, however, is irreparable, and happens with little to no variation throughout the tour. The *SKS Merch* Court recognized the *modus operendi* of Defendant Bootleggers - that they fail to carry identification, they are aware their goods are unauthorized, and they flee when approached by authorized individuals. Id., at 849. (See Holt Decl. and Burns Cert.) The Defendant Bootleggers' deception should not be rewarded. Further, to require Plaintiff to wait further for "identification" - since the defendants usually do not provide any -- would seriously impede its and Plaintiff's rights. Although the plaintiff in *SKS Merch* waited for several performances before seeking relief, Plaintiff here requests that it should not wait so long; the harm is clear and irreparable, and is occurring now. With each performance Plaintiff will be harmed, the bootlegging will continue and the only one who will gain, and gain momentum, will be the defendants.

Concerns about service raised in *Plant* are addressed here as they were in *SKS Merch*; Defendants' names may be added after service has taken effect and names (preferably proper) will be provided. Because the Infringing Merchandise is the same or substantially similar from location to location, this represents a concerted effort and therefore the Defendants are on notice.

**E. Defendants Have A Full And Fair Opportunity to be Heard.**

By an appropriate bond placed with this Court by Plaintiff, Defendants always have the right to be heard and are guaranteed a source of recovery. If the relief is not granted, Defendants will continue to use the marks associated with the Artist, while the seizure order preserves the critical piece of evidence – the Infringing Merchandise.

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that its application be granted.

Dated: August 18, 2026

Respectfully submitted,
By: /s/ Mark Bradford

Mark Bradford (MB 6002)
Mark Bradford, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)(PHV to be requested)
Mims, Kaplan, Burns & Garretson,
28202 Cabot Rd, Ste 300
Laguna Niguel, California 92677
Tel: (310) 314-1721
cburns@hmkblawyers.com

Attorneys for Plaintiff